# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

LIANG LI,

      Plaintiff,

v.                        Case No.:

GTL GRILL LLC d/b/a GINGER
BISTRO, JINMOU LIANG and
CUIFENG LI,

      Defendants.

---

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

---

Plaintiff, LIANG LI, herein sues Defendants, GTL GRILL LLC, d/b/a GINGER BISTRO, JINMOU LIANG, and CUIFENG LI, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), for failure to pay minimum wages and overtime compensation in violations of § 206 and § 207, and for unlawful taking of her earned tips, and alleges as follows:

### INTRODUCTION

1. As explained herein, an employer violates the FLSA when it does not pay overtime compensation to any employee who is non-exempt.

2. Employees are either exempt or non-exempt and the key to determining exempt status does not depend on an employer's general characterization of the

job; what is important is what an employee actually does on a day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

3.  It is well settled that employees are *presumed* to be non-exempt. That is, they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4.  There is no exemption in the FLSA applicable, or which could apply here, but to the extent one is asserted by the Defendants, it "must establish through "clear and affirmative evidence" that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5.  At all times of Plaintiff's employment, Defendants willfully refused and failed to comply with both state and federal minimum wage laws (FLSA), and the overtime section of the FLSA, 207(a), despite Defendants operating 2 restaurants for now 10 years or more and employing upwards of 25 or more employees.

6.  Plaintiff regularly worked in excess of 40 hours per week and was not paid an overtime premium for any of her overtime work hours; she has suffered damages as a consequence.

7.  Certainly, as Defendants have operated 2 restaurants and are in business for upwards of 10 years, they knew they had a legal duty to comply with state and federal wage laws, as well as IRS laws and regulations.

8.   It is also black letter law that restaurant servers (aka waiters/waitresses) are non-exempt under the FLSA, meaning this position does not meet the elements of any exemption to an employer's legal duty and obligation to pay overtime premiums for all hours over 40 the employee worked.

9.   Likewise, Defendants had a legal duty and obligation under the FLSA to track and record Plaintiff's work hours and comply with 29 CFR part 516, and to pay her the required minimum wage for all hours worked as per FLSA Section 206.

10.  In a scheme to avoid its overtime pay obligations, and to increase profits for the LLC members, Defendants willfully failed to both track and record Plaintiff's work hours, and willfully, blatantly, and with total disregard for the FLSA, refused to pay her any minimum wages for any hours worked at all, nor pay her  any overtime wages when her work hours exceeded 40 in any work week.

## THE PARTIES

**PLAINTIFF LIANG LI**

11.  Plaintiff Li began working for Defendants within the meaning of the FLSA on a full-time basis at the Ginger Bistro, located in Fort Myers, Florida on January 13, 2022.

12.  Plaintiff was hired to be a server (aka waitress) in Defendants' restaurant and continued in this position until on or about December 1, 2024.

13. As a server, Plaintiff was responsible for assisting customers, taking orders, delivering food, answering phone calls, cleaning the restaurant, and completing various side jobs such as preparing tea bags, polishing silverware, and preparing ingredients for the kitchen.

14. Plaintiff was paid only a base cash payment of just $10.00 per workday by Defendants, and which does not correspond to actual hours worked.

**DEFENDANTS**

15. Defendant, GTL GRILL LLC (hereinafter, GTL), is a Florida, for profit corporation, with a principal address of 4650 S. Cleveland Ave, Ste 8, Fort Myers, FL 33907.

16. At all times material, GTL operated and did business as 2 restaurants under the fictitious name of "Ginger Bistro," located at:  a) 4650 Cleveland Ave. #8, Fort Myers, FL 33907; and b) at a 2nd location at 2366 Surfside Blvd. C-101, Cape Coral, FL 33991.

17. GTL may be served through its designated registered agent, co-Defendant Cuifeng Li, who is also one of its LLC members and an officer at the corporate office and Ft. Myers Ginger Bistro location at: 4650 Cleveland Ave. #8, Fort Myers, FL 33907.

18. Defendant Cuifeng Li, upon information and belief, is also a limited liability member of GTL, an officer and manager of the Ginger Bistro. Li resides at 2203 SW 25th St., Cape Coral, FL 33914-3915.

19. Defendant Jinmou Liang, upon information and belief, is GTL's managing member, an officer and manager of the Ginger Bistro. Liang appears to be a dual resident of New York and Florida, and his home address is 2203 SW 25th St, Cape Coral, FL 33914-3915 and/or, 91 Sutter Ave, Ozone Park, NY 11417.

20. During the times relevant to this Complaint, Defendants employed more than two employees and had an annual gross volume of sales made or business done more than $500,000 in each of the three years that precede the filing of the action.

21. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

22. Defendant Jinmou Liang (hereinafter "Liang") is the managing member of GTL, and a manager of the Ginger Bistro where Plaintiff worked.

23. Upon information and belief, Liang is engaged in day-to-day operational control of the business of Defendant GTL.

24. Defendant Cuifeng Li is engaged in day-to-day operational control of the business of Defendant GTL concurrently and jointly with Liang.

5

25. As an officer, manager, and/or owners/members of Defendant GTL, Defendants Cuifeng Li and Liang are thus also employers within the meaning of the FLSA and FMWA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

26. Defendants Cuifeng Li and Liang simultaneously, and/or jointly directed and controlled the day-to-day work of Plaintiff and is jointly responsible for the compensation plans and unlawful pay practices complained of herein. Cuifeng Li and Liang also created, instituted, and enforced the unlawful pay practices complained of herein.

27. Upon information and belief, Cuifeng Li and Liang jointly made the decision to terminate Plaintiff's employment after she complained of the unlawful pay practices.

28. Thus, Cuifeng Li and Liang are also employers within the meaning of the FLSA and FMWA and subject to liability for violations jointly and severally with each other and Defendant GTL. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

## JURISDICTION and VENUE

29.  The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

30. This Court has supplemental Jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. Code § 1367 - Supplemental Jurisdiction, as the state law claims arise from the same set of operative facts and so related to FLSA claims in the action such that they form part of the same case or controversy under Article III of the United States Constitution.

31. This Court has personal jurisdiction over Defendants because one is a corporation organized under the laws of Florida and also operates continuous business inside the State of Florida and within this District, and the others, Cuifeng Li and Liang both are Florida residents who live and work in Florida.

32.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, specifically in Lee County, Florida from Defendants' restaurant in Fort Myers, Florida.

## Plaintiff's Job Duties

33.  Plaintiff worked as a waitress or restaurant server on a full-time basis throughout the 3 years preceding the termination of Plaintiff's employment.

34. Plaintiff routinely worked 6 days a week, on a schedule designed, required, and mandated by Defendants.

35. During the last 3 years, Plaintiff's job duties included: taking customer orders, serving their food, issuing checks, and facilitating collection of payment for the food, table prep, and other routine server duties at the discretion of Defendants.

36. Plaintiff was not paid a tipped-employee minimum wage for any hours worked during the relevant 3 year claim period; instead, Defendants paid Plaintiff just some bizarre and arbitrary, unlawful, and unreported $10.00 in cash "under the table" each workday as some token compensation in likely attempts to mislead and hedge against complaints of not being paid a base wage by Li or other servers.

37. Plaintiff's compensation primarily was comprised of the "tips" she earned, which Defendants permitted her to keep after only after deducting 3% of the sales in what appears to be yet another unlawful pay practice, and aside from the $10.00 cash pay for each day worked.

38. Plaintiff's compensation was thus solely classified as "tips" by Defendants, and this $10 was not reported as income or wages paid by Defendants.

39. Plaintiff routinely worked 11 hours per day, and 6 days a week throughout the term of her employment with Defendants.

40. Throughout the period employed over the preceding 3 years, Plaintiff regularly worked in excess of 40 hours each week, working upwards of 65-66 hours per week and 6 days a week, but she was never paid any premium for any of her overtime hours.

41. Defendants knew that Plaintiff routinely worked more than 40 hours per week and expected the same but willfully refused to pay her any overtime premiums for the hours over 40 in any workweek.

42. Evidence reflecting the number of overtime hours worked by Plaintiff is in the possession of the Defendants, and includes sources of ESI, such as employee login, time records, and other mediums or sources of ESI.

43. However, these records are not entirely accurate because Defendants failed to record and track all of the actual hours Plaintiff worked.

44. If these records are unavailable or unreliable, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

45. Indeed, Section 211(c) of the FLSA requires employers to "make, keep and preserve records" of employees' "wages, hours, and other conditions and practices of employment." *Id.*; 29 C.F.R. § 516(1). Although there is no private cause of action against an employer for noncompliance with recordkeeping

obligations, improper recordkeeping practices may have a significant evidentiary impact in FLSA cases. Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). The plaintiff may establish "a just and reasonable inference" as to the uncompensated work performed. *Anderson*, 328 U.S. at 687-88. This can be done by a plaintiff's own testimony as to their regular work habits. Once the plaintiff has offered testimony or evidence of uncompensated labor, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

### Defendants' Bad Faith in Stealing Wages

46. Defendants' failure to pay overtime compensation was knowing, willful, and demonstrated a reckless disregard for the requirements of the FLSA.

47. Defendants failed to pay Plaintiff and 1 or more other servers, the state and federal required minimum wages for hours worked, instead paying Plaintiff

just $10.00 in cash per each total workday. Thus, Defendants in essence have stolen Plaintiff's earned and owed wages.

48. As covered employers, Defendants were required to comply with the FLSA and Florida Minimum Wage Act at F.S. 448.110 and Article X Section 24 of the Florida Constitution but willfully chose not to comply with state and federal minimum wage laws and, in essence treated Plaintiff as exempt from both minimum wages and overtime wages or just to willfully refuse to abide by state and federal wage laws and IRS regulations.

### Illegal Deductions from Tips

49. Defendants deducted 3% of Plaintiff's daily sales to customers from her earned tips and withheld this tip money for its management and owners/members, thus exercising dominion and control over Plaintiff's earned tips.

50. Defendants did not present any indication that this reduction was for credit card processing fees or charges.

51. While some restaurants may deduct and pass onto the servers this small percentage, such as 3% reflective of actual credit card transaction fees from financial institutions to offset credit card charge fees for the portion of the tips charged a credit card processing fee, the Defendants here unlawfully took 3% of the total sales from Plaintiff's tips, including from cash sales. By way of an example, whereas if Plaintiff earned $200 in tips on $1000 credit card sales, and

11

Defendants might lawfully deduct from the tips perhaps 3% of the credit card tip money (if 3% was the actual incurred credit card transaction fees), Defendants took 3% of the total sales, and thus $30 from Plaintiff tips money.

52. This deduction by Defendants from Plaintiffs earned tips of a 3% of the total cash and credit card sales made by Plaintiffs customers, including those paid with cash, is unlawful, arbitrary, and not related to incurred actual charged credit card transaction fees by Defendants.

53. Any deduction from Plaintiff's tips had to correlate with such charges and cannot taken from cash tips, be money taken to offset general restaurant expenses, or for money to go to managers, owners, or non-tipped employees.

54. Defendants then even took yet a second 3% deduction from Plaintiff's tips of her total credit card sales, and thus by this example would be $6.00 on top of the $30.00 for a total deduction of $36.00.

55. The FLSA and the Florida Minimum Wage Act prohibit employers from keeping any portion of employees' tips for any purpose, whether directly or through a tip pool, and yet this is what occurred here.

56. Defendants threatened Plaintiff over claiming owed wages under the FMWA and FLSA.

57. In April 2023, manager/owner Cuifeng Li addressed several servers, including Plaintiff, regarding an investigation into the Ginza restaurant in Fort Myers which resulted in $262,000 in recovered back wages to the employees.

58.  During the conversation, Cuifeng Li stated: "Be careful if someone (possibly related to government authorities) asks you; don't mess up with your income or my income."

59. This statement implied a clear warning to employees to remain silent about potentially illegal wage practices, creating an intimidating environment and discouraging cooperation with law enforcement.

60. Defendants *knew* it should be paying any non-exempt employee overtime but willfully misclassified or treated Plaintiff as an exempt employee as part of a scheme to evade their obligations under the FLSA to pay overtime premiums and increase profits by thousands of dollars.

61.  Defendants *were aware* of the FLSA overtime wage requirements, running a business for many years with 25 or more employees, and that it was subject to the FLSA as a covered employer.

62. Defendants willfully misled and misinformed Plaintiff that the manner in which they were compensating Plaintiff was lawful.

63. Defendants cannot have any good faith basis under the FLSA for willfully refusing to pay overtime premiums to Plaintiff, other servers, and additional tipped employees in the restaurant.

64. Accordingly, Plaintiff is entitled to recover all overtime pay due from all overtime hours she worked for which compensation was not paid at time and one half her regular rate of pay, plus the payment of an equal sum as liquidated damages, and reimbursement of her incurred attorneys' fees under the FLSA's three-year statute of limitations.

65. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff for minimum wages and overtime premium pay, and upon information and belief other servers within the restaurant.

66. Defendants failed at all times to properly track and record the work hours of Plaintiff as required by the FLSA and 29 CFR part 516.

## Coverage Under the FLSA

67. Defendant GTL qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants collectively are subject to the FLSA.

68. During the times relevant to this Complaint, Defendant GTL employed more than two employees and has annual gross volume of sales made or business

done more than $500,000 in each of the three years that precede the filing of the action.

69. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a), as GTL obtains and receives products shipped interstate and regularly processes credit card sales from out of state institutions and even serves customers from out of state.

70. Defendants employed Plaintiff as an employee within the meaning of the FLSA § 203.

71. Alternatively, Plaintiff's position involved routinely being engaged in interstate commerce or in the production of goods for interstate commerce such that she is a covered employee under the FLSA.

## COUNT I:
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF §206 OF THE FLSA

72. Plaintiff readopts and re-alleges the allegations set forth in paragraphs one (1) through (71) as if fully set forth herein.

73. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(l).

74. Defendants meet the definition of an employer within the meaning of 29 U.S.C. §203(d).

75. The minimum wage provisions set forth in FLSA §206 apply to Defendants, which engaged in commerce under the definition of the FLSA.

76. During the relevant time period, Plaintiff was not paid the lawfully required minimum wage in Florida for all hours worked and was willfully treated thus as exempt from minimum wages, as well as overtime wages.

77. Under the FLSA, when the state minimum wage increased the federal minimum wage, an employer must comply with the state's minimum wage law as well, as the FLSA does not preempt state law.

78. Defendants did not have in place any required Department of Labor or federal or state employee posters for minimum wages in the restaurant as required by law and never announced or disclosed any tip credit it was seeking to take.

79. Florida's state minimum wage requirement for tipped employees, which was $7.98/hour in 2022, $8.98/hour in 2023, and $9.98/hour in 2024 cannot be now retroactively utilized by the Defendants; similarly, no federal tipped employee wage can be utilized by Defendants or apply as a defense to the claim here for recovery of unpaid minimum wages.

80. As Defendants willfully refused to pay Plaintiff any wages at all for each hour worked, as well illegally taking some of her earned tips, they have forfeited the use of the tipped credit, the server or tipped employee minimum wage and owe

Plaintiff the full required minimum wage for all hours worked in effect for each period of time.

81. Defendants willfully, intentionally failed to pay Plaintiff the required minimum wage for tipped employees/servers, as the daily payment of $10.00 in cash to Li, is grotesquely below the required minimum wage they owed to Plaintiff under the FLSA or the FMWA.

82. Plaintiff is thus owed the effective, full minimum wage rate for each calendar year she was employed with Defendants for all hours she worked.

83. The total workweeks at issue are approximately 150 workweeks and 3 additional days.

84. Moreover, as to the credit card tips from customers of Plaintiff and tips meant for her, Defendants owners and managers exercised dominion and control and took some of the tips for their own benefits and to the detriment of Plaintiff and other servers.

85. Defendants' payment of $10.00 per day in cash does not comply with the FLSA's minimum wage requirements.

86. Defendants either classified Plaintiff as exempt from the minimum wage provisions of the FLSA, and all sections and provisions related to tips, or just willfully refused to comply with the law and pay Plaintiff any hourly wages.

87. Defendants knew or should have known that their actions in not paying Plaintiff any hourly wage, and taking any of her cash tip money, is a clear and willful violation of the FLSA.

88. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the FLSA's minimum wage provisions and the sections which entitle Plaintiff to her cash tips without deductions, and which similarly prohibit Defendants from keeping some or all the tips intended for Plaintiff.

89. Defendants cannot show good faith reliance upon any factor or law for misclassifying Plaintiff as exempt from the FLSA's minimum wage requirements.

90. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours he worked solely by her testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

91. Plaintiff is owed the required full minimum wage for each and every hour worked plus an equal sum in liquidated damages.

92. As a direct result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages, all the tips she earned, and Defendants share of payroll taxes, FICA, in accordance with §206 and §216(b) of the FLSA.

93. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

94. Defendants have also violated the FLSA record keeping requirements and as outlined in the regulations found at 29 CRF part 516.

95. The Plaintiff seeks a determination that Defendant willfully violated 29 CFR part 516, and thus an order a shifting of the burden to Defendants to prove the precise number of hours Plaintiff worked as per the Supreme Court's holding in *Anderon v. Mt. Clemons Pottery*, 328 US 680 (1946), and accept Plaintiff's testimony on hours worked as accurate and award the same.

## COUNT II:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF
## 29 U.S.C. § 207a

96. Plaintiff readopts and re-alleges the allegations set forth in paragraphs one (1) through (71) as if fully set forth herein.

97. Plaintiff brings this Complaint for violations of the FLSA section 207a, to recover unpaid overtime wages for all hours worked over 40 in each and every workweek over the preceding 3 years from the date of the filing of this complaint.

98. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

99. Further, Defendants knew Plaintiff routinely worked more than 40 hours during her workweeks as they scheduled her to work 6 days each week and required and expected her to be there at set times and not leave until all work was done.

100. Plaintiff averaged working 11 hours per day, 6 days a week for a total of approximately 66 hours each full workweek.

101. At all times, a manager of Defendants was present who both observed and saw plaintiff working these hours or scheduled her for the same.

102. Plaintiff was entitled to overtime compensation at a rate no less than one and one-half (1.5) the state minimum wage for hours she worked beyond forty (40) in each and every workweek.

103. Plaintiff estimates that she worked an average of twenty-four (24) overtime hours per week on a consistent basis throughout the term of her employment within the three (3) years preceding the filing of this Complaint.

104. Defendants did not pay Plaintiff overtime compensation (premiums) for these hours worked over forty in any workweek.

105. Even if Plaintiff missed a single day or there was a holiday during any week, the remaining days would still equate to her having worked over 40 hours and thus involve overtime hours.

106.    Defendants' failure to pay Plaintiff overtime compensation for all hours she worked over forty (40) in each and every workweek is a willful violation of the FLSA, in particular, 29 U.S.C. § 207.

107.    The foregoing conduct complained of herein and as alleged, constitutes a willful violation of the FLSA by Defendants within the meaning of 29 U.S.C. § 255(a), and is an unlawful scheme by Defendants to avoid the overtime pay requirements of the FLSA.

108.    Due to Defendants' FLSA overtime pay violations, Plaintiff has suffered damages and is entitled to recover from Defendants all the unpaid overtime compensation for all hours over 40 in the 3 years preceding the filing of this Complaint, plus an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

109.    Defendants have also violated the FLSA record keeping requirements and as outlined in the regulations found at 29 CRF part 516.

110.    The Plaintiff seeks a determination that Defendants willfully violated 29 CFR part 516, and thus an order a shifting of the burden to Defendants to prove the precise number of hours Plaintiff worked as per the Supreme Court's holding in *Anderon v. Mt. Clemons Pottery*, 328 US 680 (1946), and accept Plaintiff's testimony on hours worked as accurate and award the same.

## COUNT III:
## UNLAWFUL RETENTION OF PLAINTIFF'S EARNED TIPS IN VIOLATION OF THE FLSA; 29 CFR PART 531; § 531.52

111.    Plaintiff readopts and re-alleges the allegations set forth in paragraphs one (1) through (71) as if fully set forth herein.

112.    Tips are the property of the employee whether or not the employer has taken a tip credit under the FLSA and the FMWA.

113.    The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in the FLSA or FMWA.

114.    FLSA Section 3(m)(2)(B) of the Act provides that an employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit.

115.    Defendants effectively have stolen and/or unlawfully retained $45,918.00 of Plaintiff's earned tip money, representing 3% of the total table sales/charges to customers as follows:

| 3% Sales Deduction | $16,254.00 | $16,794.00 | $12,870.00 |
|---|---|---|---|

116.    Defendants kept this earned tip money for management and/or the LLC members own profits or to subsidize labor costs and for use towards paying other routine restaurant and ordinary business expenses.

117. Even for cash sales, where no credit card transaction fee would apply, Defendants still counted these sales and took and deducted 3% of these sales from Plaintiff's earned tips.

118. Defendants made 2 deductions from Plaintiffs tips: a) taking from her earned tips, a total of 3% of all sales including cash sales, and then another 3% taken of her total credit card tip money.

119. Plaintiff is owed the full amount of all earned tips, without any deduction by Defendants, plus an equal sum in liquidated damages, for a total of $91,836.00 in tip money.

120. Defendants must be ordered to and required to disgorge and repay to Plaintiff the tip money it unlawfully and improperly took from her earned tips as it had no legal right to do so.

121. Defendants have unlawful exercised unlawful dominion and control over Plaintiff's tips and used this money for its owners, managers and for payment of ordinary business expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. A judgment in the Plaintiff's favor and against the Defendants for willfully violating the FLSA;

b. That the Court finds Defendants have violated the overtime compensation provisions of the FLSA, Section 207 and that the Court finds that Defendants' violation of the FLSA was and is willful, in bad faith, and with reckless disregard for the law;

c. That the Court award Plaintiff overtime compensation for all hours worked over forty (40) hours in any given workweek at the rate of time and one half the prevailing full Florida minimum wage for each respective year, plus award an equal sum in liquidated damages;

d. That the Court award Plaintiff minimum wages for all hours worked during the period of 3 years preceding the filing of this Complaint;

e. That the Court order Defendants to pay Plaintiff's incurred attorneys' fees and costs under § 216 of the FLSA;

f. That the Court award and order Defendants to disgorge and repay to Plaintiff all the tip money it took and withheld, the sum of which is estimated to be $45,918.00;

g. That the Court award Plaintiff an equal sum of all wages, tips and monies awarded to her as liquidated damages;

h.  That the Court award pre-judgment interest on all sums recovered and awarded at the higher of the state or federal prevailing applicable rates;

i.  And that the Court holds Defendants jointly and severally liable for the violations and damages awarded.

Respectfully submitted January 29, 2026 by:

*/s/ Mitchell L. Feldman, Esq.*
Mitchell Feldman, Esq.
FELDMAN LEGAL GROUP
FL BAR NO: 0080349
12610 Race Track Road #225
Tampa, FL 33626
T: (813) 639-9366 F: (813) 639-9376
mfeldman@flandgatrialattorneys.com
mail@feldmanlegal.us
*Lead Attorney for Plaintiff*